[Crim. No. 2350.   Third Dist.   June 13, 1952.]

In re THOMAS B. LEEPER, For Order Fixing Bail and For Stay of Execution.

Thomas B. Leeper, in pro. per., for Petitioner.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

THE COURT.—Petitioner has applied to this court pursuant to rule 32, Rules on Appeal, for a stay of execution of a judgment of conviction on a pending appeal and for bail.  Conformably to said rule petitioner shows that application for such stay was made to the trial court and was refused; likewise that application for bail was made to the trial court and denied.

Petitioner was indicted in Yolo County on charges of per-

jury and conspiracy to commit grand theft. The charges were tried before a jury which returned verdicts of guilty on both counts. Petitioner's motion for a new trial and for arrest of judgment was denied by the trial court and the court then made its order sentencing petitioner. He has appealed to this court.

In substance petitioner advances the following contentions in support of his motions for stay and for bail. First, he alleges that he is suffering from an acute prostatic condition which requires remedial surgery; next that he is acting as his own attorney in the matter of this appeal and also in several other appeals on matters involving certain alleged testamentary dispositions of one Frank Weber, deceased. Petitioner in this respect says it is necessary he be allowed his freedom pending appeal in order that he may attend to these matters. Then coming to the appeal pending in this court in respect of his convictions, petitioner sets forth a number of contentions as to errors alleged to have been committed by the trial court during the trial proceedings and also charges misconduct of the prosecuting attorneys.

■■■ As to petitioner's physical condition and his need for medical and surgical care, the record before the trial court when that court denied petitioner's motions for stay and for bail was conflicting. The same is true of the record here. Petitioner presents an affidavit of a physician and surgeon who states that since January 16, 1952, he has had petitioner under his care and that he presents a history of prostate trouble which has become increasingly severe. He diagnosed it as benign prostatic hypertrophy with marked urinary obstruction, with recommendation of surgical removal of the prostate. The affiant concludes with the statement that his patient's health and possibly his patient's life would' be jeopardized by delay in the recommended treatment. Opposed to this is the affidavit of the medical consultant of the Department of Corrections, a licensed physician and surgeon, who avers that, assuming petitioner is suffering from the condition set forth in the affidavit of his own physician, the facilities afforded by the Department of Corrections are such that all necessary care, treatment and surgery can be afforded during his incarceration. Affiant concludes with the statement that petitioner's incarceration in the state institution will not endanger his health or life. In an amended petition it is averred by petitioner that he will be 69 years of age on August 3d next, that his condition

has become worse since his trial and he declares that his condition cannot improve unless he be released from confinement. He concludes, however, that he thinks he can postpone the needed operation until he can do the necessary law work in respect of the various appeals which he is handling in propria persona. We think that, so far as petitioner's physical condition is concerned, it cannot be said the showing made here would warrant a holding that the trial court unjustifiably refused to grant stay or fix bail.

As to the contention of petitioner that his motions should be granted because he is handling his own appeal herein and prosecuting in propria persona his civil appeals, acting as his own counsel throughout, nothing more need be said than that these matters appear from the record to be at his own election without necessity, financial or otherwise, dictating the course petitioner has elected to pursue. ▉ That petitioner has elected to represent himself affords no reason for considering that his status is different from that of a person represented by counsel. (*People* v. *Chessman*, 38 Cal.2d 166 [238 P.2d 1001].)

We have examined the complete record on appeal with respect to petitioner's contentions on the merits. Our examination warrants our conclusion that with respect to these matters also there is no basis for a holding by this court that the trial court unjustifiably denied stay or refused bail. We do not, from what we have said herein, wish in any manner to indicate that the court's rulings upon petitioner's application for stay and bail determine, or are to be taken as determining, the merits of petitioner's appeal. What we have said is limited solely to our decision upon the motions.

The temporary stay which was granted upon the filing of petitioner's application for stay is terminated. Petitioner's motions for stay of execution pending appeal, and for admission to bail, are, and each of them is, denied.